IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-31061
_____


KATHY JEAN FORD,

Plaintiff-Appellant,

versus

HORSESHOE ENTERTAINMENT,
doing business as Horseshoe Casino & Hotel,

Defendant-Appellee.
_____

Appeal from the United States District Court for the
Western District of Louisiana
USDC No. 5:98-CV-676
_____
November 28, 2001

Before KING, Chief Judge, and JOLLY and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[1]

Kathy Jean-Ford is an African-American woman. She began
working for Horseshoe Entertainment in June 1994 as a clerk in the
gift shop. On March 4, 1996 she was transferred to the human
resources department. Horseshoe fired her on April 9, 1997. She
brought suit against Horseshoe under Title VII of the Civil Rights
Act of 1964, 42 U.S.C. § 2000e, 42 U.S.C. § 1981, and Louisiana's
employment discrimination statute. Ford's claims were based on

---

[1]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleged unequal pay, failure to promote and wrongful discharge. The district judge dismissed Ford's § 1981 claims for failure to promote and unequal pay on statute of limitations grounds. A jury found in favor of Ford on her unequal pay claim, but in favor of Horseshoe on Ford's wrongful discharge and failure to promote claims. The district judge then granted Horseshoe's motion for judgment as a matter of law on the unequal pay claim, overturning the jury's verdict, and denied Ford's motion for judgment as a matter of law on the wrongful discharge and failure to promote claims. Ford timely appealed. We reverse the grant of judgment as a matter of law on Ford's unequal pay claim and reinstate the jury's verdict. We affirm the district court's rulings in all other respects.

I

We first address the district court's grant of judgment as a matter of law to Horseshoe on Ford's unequal pay claim. This court reviews judgments as a matter of law de novo. Conkling v. Turner, 18 F.3d 1285, 1300 (5th Cir. 1994). A district court's grant of judgment as a matter of law will survive review "only if 'the facts and inferences point so strongly and overwhelmingly in favor of one party that [this Court] believes that reasonable men could not arrive at a contrary verdict.'" Arleth v. Freeport-McMoran Oil & Gas Co., 2 F.3d 630, 636 (5th Cir. 1993), quoting Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969) (en banc). Whether

judgment as a matter of law is appropriate depends on a number of factors, including the "strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law." Reeves v. Sanderson Plumbing Products, 530 U.S. 133, 148-49 (2000). "[A] prima facie case and sufficient evidence to reject the employer's explanation may permit a finding of liability," and the plaintiff need "[not] always introduce additional, independent evidence of discrimination." Id. at 149.

The facts in this case were disputed. Ford contended that Horseshoe policy was that an employee receive a pay raise after ninety days in a new department at Horseshoe. On the other hand, Horseshoe claimed that employees were eligible to receive a pay raise after ninety days at Horseshoe, not after transfer to a new department, and noted that Ford had already been working at Horseshoe for over a year in a different department. Ford presented evidence of two Caucasian employees in human resources who received pay raises after ninety days in the department. Horseshoe presented evidence that Ford had a write-up in her file from December 1996 due to her unsatisfactory performance, but Ford claimed she was unaware of this write-up. Horseshoe also pointed to two other write-ups that Ford received shortly before her

3

discharge for improperly processing employment applications. Horseshoe alleged that its policy was to not give pay raises to employees who were performing unsatisfactorily.

Although Ford's evidence may be disputed, we believe that the jury's verdict is supported by sufficient evidence. The facts in this case do not point so overwhelmingly in favor of Horseshoe that judgment as a matter of law in Horseshoe's favor is appropriate. We therefore reverse the grant of judgment as a matter of law in Horseshoe's favor, and reinstate the jury's verdict.

II

The district judge instructed the jury that in order for Ford to prevail on her failure to promote claim, she had to establish that she applied for the position (i.e., the newly created tax credit representative position). Ford objected to this instruction because the position was never posted, and argues that because the position was not posted and she was not informed of its availability, the district court erred in overruling her objection.

This court has stated that "[i]t is not legally sufficient or legitimate for an employer to reject an employee who does not have notice or an opportunity to apply for a promotion." Bernard v. Gulf Oil Corp., 841 F.2d 547, 580 (5th Cir. 1988). This court has also found that an employer's promotion and transfer policies as applied can violate Title VII when "[h]ourly employees are not notified of promotion opportunities nor are they notified of the

4

qualifications necessary to get jobs." Rowe v. General Motors Corp., 457 F.2d 348, 358-59 (5th Cir. 1972). Although the district court did err by instructing the jury that Ford had to show that she applied for the position to prevail on her failure to promote claim, this error was harmless. Horseshoe presented sufficient evidence for the jury to find that Horseshoe's stated legitimate, non-discriminatory reasons for not promoting Horseshoe were true and were not pretext. Even if the jury had been instructed that Ford need not have applied for the position to prevail on her failure to promote claim, it would not have had an effect on the verdict.

## III

Ford also contends that the district court erred in refusing to expand the exhibit list to include a report by the Illinois Gaming Commission which contained a letter in which Horseshoe's attorney asserted that Horseshoe "brutally treat[ed] African Americans." The district court entered a pretrial order on January 24, 2000 that the exhibit list could not be expanded. Ford's attorney admitted that he had received a copy of the report on January 12, 2000, but he did not file a motion to expand the exhibit list to include the report until April 14, 2000. This motion was referred to a magistrate judge, and he denied it on April 24. Ford did not appeal the magistrate judge's order to the district court. Therefore, we do not have jurisdiction to consider

Ford's contention. See FED. R. CIV. P. 72(a); Unida v. Levi Strauss & Co., 986 F.2d 970, 976 n.4 (5th Cir. 1993) (declining to address challenge to magistrate judge's evidentiary ruling where appellant did not appeal magistrate judge's ruling to district court).

IV

At the close of Ford's case, Horseshoe moved for judgment as a matter of law against her on all claims. The district court granted the motion only as to Ford's claim for punitive damages. Under Title VII, a plaintiff has a right to an award of punitive damages if the employer "engaged in unlawful intentional discrimination," 42 U.S.C. § 1981a(a)(1), and if she "demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). In Kolstad v. American Dental Association, the Supreme Court held that in order to discriminate "with malice or with reckless disregard" to federally protected rights, "an employer must at least discriminate in the face of a perceived risk that its actions will violate federal law." 527 U.S. 526, 536 (1999).

Horseshoe does not argue that Ford failed to present sufficient evidence of the "malice or reckless disregard" standard, but that Ford failed to provide sufficient evidence that punitive damages liability for the acts of Horseshoe's managerial agents are

6

imputable to Horseshoe.  Under Kolstad, when an employer is an entity rather than an individual, if "an employer has undertaken . . . good faith efforts [to comply with Title VII,] it demonstrates that it never acted in reckless disregard of federally protected rights."  Id. at 544 (citation omitted).  Ford's punitive damages claim is based on her allegation that Horseshoe went too far in its good-faith plan to seek minority applicants and to replace departing African-Americans with new African-American employees, in that this forced supervisors to become race-conscious and engendered resentment.  Ford never offered any support for this argument, however.  Horseshoe did present evidence of its good faith efforts to comply with Title VII, including legal seminars, compliance with state and federal employment laws, and efforts to include minorities and women in every job classification.  In the light of Ford's lack of evidence on this issue, we hold that it was proper for the district court to grant Horseshoe's motion for judgment as a matter of law on Ford's punitive damages claim.[2]

V

For the foregoing reasons, we REVERSE the district court's grant of judgment as a matter of law to Horseshoe on Ford's unequal pay claims and reinstate the jury's verdict.  We AFFIRM the district court's judgment in all other respects.

---

[2]We have considered Ford's other arguments on appeal and have found them to be without merit.

7

REVERSED IN PART AND AFFIRMED IN PART.[3]

---

[3]Judge Garza concurs, with the single exception that, based on evidence before the jury and the plaintiff's final argument, he would award only $501.02 in damages.